IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOSEPH DEKALB BARKER, JR., )
)
    Plaintiff, )
)
v. ) CASE NO. 2:17-cv-365-GMB
) [wo]
NANCY A. BERRYHILL,[1] )
Acting Commissioner of Social Security, )
)
    Defendant. )

## **MEMORANDUM OPINION AND ORDER**

Joseph Dekalb Barker applied for disability insurance benefits under Title II of the Social Security Act ("the Act") alleging a disability date of February 15, 2012. R. 23 & 141. The application was initially denied. R. 71. A hearing was held before an Administrative Law Judge ("ALJ"). R. 39–56. The ALJ rendered an unfavorable decision on December 23, 2015. R. 33. The Appeals Council denied Plaintiff's request for review. R. 5–8. As a result, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). R. 5–8. Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c). After careful scrutiny of the record and briefs, and for the reasons explained below, the court concludes that the Commissioner's decision is to be REVERSED and REMANDED.

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by virtue of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. NATURE OF THE CASE

Barker seeks judicial review of the Commissioner's decision denying his application for disability insurance benefits. United States District Courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. § 405. This court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

The court's review of the Commissioner's decision is a limited one. The court's sole function is to determine whether the ALJ's opinion is supported by substantial evidence and whether the proper legal standards were applied. *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). "The Social Security Act mandates that 'findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive.'" *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (quoting 42 U.S.C. §405(g)). Thus, this Court must affirm the Commissioner's decision if it is supported by substantial evidence. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker, 672* F.2d 835, 838 (11th Cir. 1982)).

If the Commissioner's decision is supported by substantial evidence, the district

court will affirm, even if the court would have reached a contrary result as the finder of fact, and even if the evidence preponderates against the Commissioner's findings. *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (quoting *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth*, 703 F.2d at 1239).

The district court also will reverse a Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*; *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (quoting *MacGregor*, 786 F.2d at 1053).

### III. STATUTORY AND REGULATORY FRAMEWORK

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate

3

and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a) & 1382c(a)(3)(A)–(C). However, despite the fact they are separate programs, the law and regulations governing claims for DIB and SSI are the same. Therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled. *Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986). Applicants under DIB and SSI must prove "disability" within the meaning of the Social Security Act, which defines disability in virtually identical language for both programs. *See* 42 U.S.C. §§ 423(d), 1382c(a)(3) & 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a) & 416.905(a). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3) & 1382c(a)(3)(D).

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits. *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

  (1) Is the person presently unemployed?
  (2) Is the person's impairment(s) severe?
  (3) Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
  (4) Is the person unable to perform his or her former occupation?
  (5) Is the person unable to perform any other work within the economy?

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled." *Id.* The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004). Claimants establish a *prima facie* case of qualification for disability once they meet the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy the claimant can perform. *Id.*

  To perform the analysis described in the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Id.* at 1238–39. RFC is what the claimant still is able to do despite his or her impairments, and it is based on all relevant medical and other evidence. *Id.* It may contain both exertional and nonexertional limitations. *Id.* at 1242–43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id.* at 1239. To do this, the ALJ may either hear testimony from a vocational expert ("VE") or use the Medical Vocational Guidelines, known as the "grids." *Id.* at 1239–40. The grids allow the ALJ to consider factors such as

age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor independently may limit the number of jobs realistically available to an individual. *Id.* at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

## IV. ADMINISTRATIVE FINDINGS AND CONCLUSIONS

Plaintiff was 63 years old on his date last insured. R. 32 & 141. He has obtained a master's degree, is a retired veteran, and has past relevant work experience as a master claims adjuster and an independent insurance adjuster. R. 43. Although Plaintiff proceeds *pro se* before the court at this time, he was represented by counsel at the hearing before the ALJ. R. 38.

In evaluating Plaintiff's application, the ALJ applied the five-step sequential evaluation process described above. R. 23–33. At step one, the ALJ found Plaintiff met the insured status requirements through June 30, 2015. R. 25. The ALJ found that he had not engaged in substantial gainful activity during the relevant period. R. 25. After reviewing the medical evidence and hearing testimony, the ALJ determined that Plaintiff's severe impairments included degenerative disc disease ("DDD"), status-post laminectomy syndrome, obesity, and chronic pain syndrome. R. 26. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. 27. The ALJ then found that Plaintiff retained the RFC to perform a limited range of light work. R. 27. At step four, with the assistance of a VE's testimony, the ALJ determined that Plaintiff could perform his past relevant work as a Master and Independent Adjuster. R.

31. Thus, the ALJ found that Plaintiff was not disabled during the relevant period. R. 33.

## V. MEDICAL HISTORY

Plaintiff summarizes the relevant medical evidence as follows:

> [X]-rays performed in January of 2012 found Mr. Barker suffered from arthritis of the spine and advanced degenerative disc disease. Subsequently Mr. Barker had decompression and fusion surgery of the lower back performed in February 2012. Since this time, Mr. Barker has had regular revisits with the neurosurgeon during which he has stated that he is happy with the surgery as he no longer has to use a walker or cane to ambulate. However, he is under constant treatment of local physicians and a pain management center for treatment of residual nerve pain.

Doc. 18 at 2.

## VI. ISSUES PRESENTED

According to Plaintiff, the issues for resolution are:

1. Whether the ALJ erred in disregarding the VE's testimony regarding medical source statements?

2. Whether the ALJ erred in failing to find that Plaintiff was disabled through testimony of pain or other subjective symptoms?

3. Whether the ALJ erred in mischaracterizing the evidence which rendered her credibility determination unsupported.

Doc. 18 at 1.

## VII. ANALYSIS

The ALJ recognized that Plaintiff was assigned a 60% disability rating from the VA for his service connected disabilities. R. 30 & 338. Although this rating is to be given "great weight," it is not binding on the ALJ.[2] *Brady v. Heckler*, 724 F. 2d 914, 917–21

---

[2] Indeed, a disability finding under the Social Security Act requires Plaintiff to satisfy a more stringent standard. *See Pearson v. Astrue*, 271 F. App'x 979, 981 (11th Cir. 2008) (citing 42 U.S.C. §§ 423(d)(2)(A)

(11th Cir. 1984) (reversing for failure to give "great weight" to VA disability rating where the ALJ found Plaintiff suffered from no severe impairment). Moreover, the ALJ must "expressly consider[] and closely scrutinize[]" the VA's determination in his opinion. *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854, 857 (11th Cir. 2013) (affirming where "ALJ did not expressly state that he gave 'great weight' to the VA's rating," but "record shows that he expressly considered and closely scrutinized it"). Additionally, where an ALJ discounts the VA's disability determination, he must give "specific reasons" for doing so. *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) (reversing where ALJ stated that he gave VA's disability determination "little weight" and ALJ's findings about Plaintiff's credibility were not supported by substantial evidence). However, an ALJ's determination that the VA's decision "had little bearing" on Plaintiff's Social Security claim would not be reversible error where the ALJ's "specific reasons for discounting the VA's determination show he considered and closely scrutinized that determination." *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (affirming where substantial evidence supported the ALJ's RFC and credibility determinations and ALJ did not misapply law in discounting VA determination). The court recognizes that Plaintiff failed to raise this issue before the court. This failure would ordinarily result in a waiver of this argument, but the court has decided to consider this issue so as not to punish Plaintiff unfairly for his *pro se* status.

In the instant case, the ALJ stated that she gave "little weight" to the VA disability

---

& 1382c(a)(3)(B).

determination because "the standards used by the VA in determining disability are different from those used by the Social Security Administration." Tr. 30. The ALJ in the instant case clearly erred in considering the VA disability rating when she stated that she gave it "little weight." *Brown-Gaudet-Evans*, 673 F. App'x at 904. Moreover, the ALJ failed to give specific reasons for discounting the VA determination, and therefore did not "show that [s]he considered and closely scrutinized that determination." *Ostborg*, 610 F. App'x at 914. Although the ALJ included a thorough recitation of the medical evidence of record and mentioned the VA disability finding, Tr. 27–31, her reasons for discounting the VA determination do not include the level of specificity required to demonstrate that she "closely scrutinized" the VA determination. *Brown-Gaudet-Evans*, 673 F. App'x at 904. Accordingly, the court concludes that this case is due to be remanded so that the ALJ may consider Plaintiff's claim for benefits after affording "great weight" to the VA's 60% disability determination. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145–46 (11th Cir. 1991) (holding that the ALJ's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal"). Further, since the court has concluded that the ALJ applied the incorrect law with respect to the VA disability rating and failed to explain her reasons for discounting it sufficiently, Plaintiff's failure to raise this specific issue does not change this court's conclusion.

Additionally, the court reads the relevant case law as requiring it to consider whether substantial evidence supports the ALJ's opinion, even where she fails to give the correct weight to a VA disability determination. *Id.* (reversing where substantial evidence did not

9

support ALJ's finding discounting Plaintiff's credibility as to her complaints of fibromyalgia); *Brady*, 724 F. 2d 914 (reversing where substantial evidence did not support ALJ's finding of no severe impairment); *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) (reversing where no substantial evidence that Plaintiff was "capable of performing substantial gainful employment" and insufficient weight given to VA rating).

The ALJ concluded that Plaintiff retained the residual functional capacity to perform light work, except he

> was limited to frequent pushing and pulling of foot controls with the left lower extremity. He could frequently push and pull hand controls. The claimant could frequently climb ramps and stairs and balance, and could occasionally kneel, crouch, crawl, and stoop. He could occasionally climb ladders and scaffolds. He could occasionally work in environments of unprotected heights and around hazardous moving mechanical parts. The claimant was limited to occasional to [sic] exposure [to] extreme cold and extreme heat and occasional exposure to vibration. The claimant is limited to sitting, standing, and walking for two hours each during an eight-hour workday, with a total of four hours each during an eight-hour workday.

Tr. 27. A residual functional capacity assessment is used to determine a claimant's capacity to do as much as she is able to do despite her limitations. *See* 20 C.F.R. § 404.1545(a)(1). An RFC assessment must be based on all relevant evidence in the case record. *Id.*; *Lewis*, 125 F.3d at 1440. The court concludes that the RFC is not supported by substantial evidence because the ALJ did not expressly and specifically consider how the VA disability determination impacted her finding of the Plaintiff's RFC. *Moore*, 405 F.3d at 1211.

It is not clear at this time whether the ALJ's conclusion that Plaintiff is not disabled will be altered by the application of the correct legal standard for consideration of the VA

disability rating.  Accordingly, the court cannot reverse and remand for an award of benefits.  Rather, the court concludes that remand is appropriate so that the ALJ can apply the correct legal standard of "great weight" to the VA's determination and make a determination of Plaintiff's RFC in light of the VA's disability determination.  Because the court concludes that the opinion of the ALJ is due to be reversed and remanded on this basis, the court pretermits discussion of the Plaintiff's remaining claims for relief.

## IX. CONCLUSION

Accordingly, for the reasons discussed, the decision of the Commissioner will be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can conduct additional proceedings consistent with this opinion.

A separate judgment is entered herewith.

DONE this 15th day of October, 2018.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE